## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | : | |
| COMPILATION LTD D/B/A PUNKY PINS | : | Case No. |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | **COMPLAINT** |
| CODY FOSTER & CO., INC., and | : | |
| THE FUNTREPRENEUR INC. D/B/A ALWAYSFITS | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| | : | |

Plaintiff Compilation Ltd doing business as Punky Pins ("Punky Pins" or "Plaintiff") by its attorneys Kushnirsky Gerber PLLC, for its complaint against defendants Cody Foster & Co., Inc. ("Cody Foster") and The Funtrepreneur Inc. doing business as AlwaysFits ("Always Fits") (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement brought by an independent accessory designer and distributor against a major holiday home décor wholesaler and an online retailer for the sale and display of goods featuring unauthorized and infringing copies of its original creations.

2.      Cody Foster is one of the most prominent ornament and home décor wholesale brands in the United States. Best known for offering a wide variety of ornaments, Cody Foster sells its products to luxury retailers such as Bergdorf Goodman, large e-commerce sites including Zulily, and many online and brick-and-mortar gift shops and boutiques throughout the country and around the world. Cody Foster generates millions of dollars in revenue each year.

1

3.      As Cody Foster provides on its website, the wholesaler "draw[s] inspiration from many sources but especially from offbeat vintage pieces and unconventional antiques."[1] Banking on the growing popularity of quirky, "hipster" holiday and home decorations targeted at millennial consumers, Cody Foster offered an assortment of nontraditional ornaments in its Holiday 2018 catalog.

4.      Unfortunately, Cody Foster's nontraditional Holiday 2018 collection was not original: at least two of the featured ornaments were flagrant, unlawful copies of Plaintiff's popular original pins (the "Original Pins"). Cody Foster created unauthorized and infringing derivative ornament copies of the Original Pins (the "Infringing Ornaments") and marketed and sold the Infringing Ornaments to retailer Always Fits for resale to consumers.

5.      Online retail gift store Always Fits subsequently advertised the Infringing Ornaments on its website and social media accounts and sold and distributed the Infringing Ornaments directly to consumers.

6.      Plaintiff asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act") and removal of copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (the "DMCA"). Plaintiff seeks monetary damages, injunctive relief, costs, and attorneys' fees.

### JURISDICTION AND VENUE

7.      This is an action for copyright infringement under the Copyright Act and removal of copyright management information under 17 U.S.C. § 1202(b). The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

[1] *Our Story: The Cody Foster & Co. Story*, Cody Foster & Co, https://codyfoster.com/ourstory.htm (last visited on Mar. 27, 2019).

8.      The Court has personal jurisdiction over Defendant Cody Foster pursuant to Mass. Gen. Laws ch. 223A, § 3. Cody Foster is a corporation that does continuous and systematic business in Massachusetts and in this District. On information and belief, Cody Foster has transacted business in Massachusetts and contracted to supply goods or services in Massachusetts in connection with the matters giving rise to this lawsuit. On information and belief, Cody Foster has committed acts outside of Massachusetts that caused injury to Plaintiff within Massachusetts; regularly does or solicits business in Massachusetts; derives substantial revenue from goods used or services rendered in Massachusetts; expects or reasonably should expect its infringing conduct to have consequences in Massachusetts; and derives substantial revenue from interstate commerce.

9.      The Court has personal jurisdiction over Defendant Always Fits pursuant to Mass. Gen. Laws ch. 223A, § 2. The Court has personal jurisdiction over Always Fits in that (a) Always Fits' principal place of business is in this District; and (b) Always Fits owns and operates an e-commerce website that markets to consumers in this District, offers for sale services and products to consumers in this District, and provides for consumers in this District to enter into online transactions for a variety of products.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here.

## PARTIES

11.     Plaintiff Punky Pins is a private limited company organized under the laws of the United Kingdom. Punky Pins does continuous and systematic business in Massachusetts and in this District and sells goods to retailers and consumers in this District. Punky Pins owns the copyrights in the Original Pins. Punky Pins is exempt from the registration requirement of 17 U.S.C. § 411(a) as the Original Pins are non-United States works created in the United Kingdom.

12.     Defendant Cody Foster is a corporation organized under the laws of the State of Nebraska with its principal place of business at 601 West A Street, Valentine, Nebraska 69201.

13.     Defendant Always Fits is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 100 Cummings Center, Suite 125-G, Beverly, Essex County, Massachusetts 01915.

## FACTUAL ALLEGATIONS

### A.     Plaintiff's Original Pins

14.     Punky Pins is an independent accessories shop known for its irreverent, original products. Punky Pins sells original enamel pins, iron-on patches, and other products through its website at www.punkypins.co.uk, its Etsy storefront at www.etsy.com/shop/Punkypins, and authorized third-party retailers throughout the United Kingdom, North America, Europe, and Australia. Known for its trendy, tongue-in-cheek styles, Punky Pins has a devoted base of social media followers and consumers.

15.     Among Punky Pins' most popular products are the Original Pins, the Festive AF Penguin and Merry Christmas Bitches Jumper pins, shown below.



16.     Punky Pins created and thereafter started advertising and selling the Original Pins in 2017.

17.     Punky Pins is the owner of the copyrights in the Original Pins pursuant to the laws of the United Kingdom, including the Copyright, Designs and Patents Act 1988, which does not require any registration formalities to be completed prior to filing an action for copyright infringement.

18.     The copyright protection afforded the Original Pins in the United Kingdom extends to the United States pursuant to the Berne Convention for the Protection of Literary and Artistic Works (the "Berne Convention"). The Berne Convention requires its signatories, including the United States and United Kingdom, to recognize the copyright of works of authors from other signatory countries in the same way as it recognizes the copyright of works of domestic authors. As such, Punky Pins is exempt from the registration formalities of 17 U.S.C. § 411(a) in order to seek actual damages, Defendants' profits attributable to the infringement, and injunctive relief as remedies for copyright infringement of the Original Pins.

19.     Copyright management information, consisting of, *inter alia*, Punky Pins' trade name, logo, website address, and social media handle, @punkypins, is included on the packaging of the Original Pins. This information, which is created and placed on the packaging via a digital and technological process involving computer and printing machinery, serves to identify Punky Pins as the author and copyright owner of the Original Pins.

## B.     Defendants' Willful Infringement and Unlawful Conduct

20.     Defendant Cody Foster is a home décor wholesale corporation that specializes in Christmas ornaments. Based in Nebraska, Cody Foster also maintains a permanent showroom at AmericasMart Atlanta, which boasts the largest wholesaler trade center collection in the world.

Cody Foster sells to retailers around the world, including e-commerce retail websites like Always Fits.

21.     Defendant Always Fits is a retail company that sells curated, whimsical gifts from various brands, designers, and manufacturers to consumers in the United States and abroad.

22.     Cody Foster marketed and sold the Infringing Ornaments, glass ornaments that flagrantly copy the Original Pins, to retailers, including retailers doing business in Massachusetts, as part of its Holiday 2018 product line, shown below.



23.     In late 2018, Punky Pins discovered that Cody Foster was advertising and selling the Infringing Ornaments to retailers.

24.     On information and belief and without Punky Pins' authorization, Cody Foster advertised, created, sold, manufactured, caused to be manufactured, imported, and/or distributed the Infringing Ornaments, including at least two versions of its "Festive Sweater Penguin" Infringing Ornament, as shown below. On information and belief and without Punky Pins'

authorization, Cody Foster copied the Original Pins to make the Infringing Ornaments, which it then supplied to Always Fits to advertise and sell to consumers.



25.     On information and belief and without Punky Pins' authorization, Always Fits advertised, sold, and distributed the Infringing Ornaments directly to consumers, including Massachusetts consumers, as shown below. Additional examples of the Infringing Ornaments are shown in Exhibit A.



26.    Below is a side-by-side comparison of the Original Pins and Infringing Ornaments. The below comparison makes apparent that the works' elements, composition, arrangement, layout, rendering, design, and appearance are substantially similar. The Festive Sweater Penguin Infringing Ornaments appears to directly reproduce the pink sweater as depicted in the Festive AF Penguin Original Pin and attempts to match its color scheme and pattern. Furthermore, each variation of the Festive Sweater Penguin Infringing Ornament features a penguin posed in the same manner and facing the same direction as the penguin in the Festive AF Penguin Original Pin. The

"Christmas Sweater" Infringing Ornament also appears to directly reproduce the blue sweater as depicted in the Merry Christmas Bitches Jumper Original Pin and attempts to match its color scheme and pattern arrangement. In fact, the text from the Christmas Sweater Infringing Ornament appears to directly trace the text on the Merry Christmas Bitches Jumper Original Pin.

| Original Pins | Infringing Ornaments |
|---|---|





27.     On information and belief, Defendants' infringement of the Original Pins has been willful. Neither Cody Foster nor Always Fits ever attempted to contact Punky Pins to inquire about properly licensing its work. Instead, Defendants simply raided Punky Pins' intellectual property.

28.     Many of the retailers to whom Cody Foster supplied the Infringing Ornaments, including Always Fits, also sell the Original Pins.

29.     Punky Pins is informed and believes, and thereon alleges, that in the process of unlawfully creating, copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Ornaments without the consent, permission, or authority of Punky Pins, Cody Foster intentionally removed the copyright management information that Punky Pins conveyed in connection with the Original Pins.

30.     Cody Foster proceeded to sell the infringing copies of the Original Pins to Always Fits. On information and belief, Cody Foster did so with the knowledge and intent that Plaintiff's copyright management information had been removed from the infringing copies it created.

31.     Punky Pins has suffered significant damages by these unlawful uses of the Original Pins and has been forced to file this Action in order to protect its rights and livelihood.

## FIRST CLAIM FOR RELIEF
## <u>COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq*.</u>
### (Against All Defendants)

32.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs in 1 through 31 above, and incorporates them herein by this reference.

33.     Plaintiff is the respective legal owner of all right, title, and interest in the Original Pins, including the copyrights in those works.

34.     Defendants had access to Plaintiff's Original Pins including, without limitation, through (a) purchasing the Original Pins from Plaintiff's website, Etsy storefront, or an authorized third-party retailer; and/or (b) viewing the Original Pins on Plaintiff's website, Etsy storefront, or social media pages or an authorized third-party retailer's website.

35.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Pins without the consent, permission, or authority of Plaintiff.

36.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of section 106 and 501 of the Copyright Act.

37.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

38.     As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

39.     As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

40.     Plaintiff is entitled to its actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

41.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling substantially similar copies of Plaintiff's copyrighted designs.

## SECOND CLAIM FOR RELIEF
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(b)
### (Against Defendant Cody Foster)

42. Plaintiff repeats and realleges each and every allegation set forth in paragraphs in 1 through 41 above, and incorporates them herein by this reference.

43. The Original Pins include conspicuous copyright management information on the products' packaging, including the Punky Pins trade name, logo, website address, and social media handle, which is conveyed in connection with such works and protected under 17 U.S.C. § 1202(b).

44. Plaintiff further conveys such copyright management information in connection with images of the Original Pins that appear on its website, Etsy storefront, social media profiles, and on third-party websites.

45. On information and belief, Defendant Cody Foster intentionally removed Plaintiff's copyright management information from the Original Pins and their packaging.

46. On information and belief, Cody Foster created and sold unauthorized copies of the Original Pins with the intent and knowledge that copyright management information had been intentionally removed therefrom.

47. On information and belief, Cody Foster intentionally removed Plaintiff's copyright management information and distributed the Infringing Ornaments with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 et seq.

48. Cody Foster engaged in these activities without the consent or authorization of Plaintiff.

49. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Ornaments, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

1.      Awarding Plaintiff its actual damages in connection with Defendants' willful copyright infringement;

2.      Awarding Plaintiff all of Defendants' disgorged worldwide profits from sales of the Infringing Ornaments;

3.      Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b);

4.      Ordering the impounding of the Infringing Ornaments under 17 U.S.C. § 503 and/or § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

5.      Granting an injunction that permanently restrains and enjoins Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors, assigns, and all others in active concert or participation with any Defendant, from copying, reproducing, making derivative works of, distributing, selling, offering for sale, advertising, adapting, and/or

publicly displaying the Original Pins or any elements or colorable imitation thereof, or the Infringing Ornaments;

6.      Ordering Defendants to provide Plaintiff with a full and complete accounting of all sales of the Infringing Ornaments and all molds, means and methods by which the Infringing Ornaments were produced;

7.      Awarding Plaintiff such exemplary or punitive damages as the Court finds appropriate to deter any future violation of the Digital Millennium Copyright Act;

8.      Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

9.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:      May 6, 2019                          Respectfully Submitted,


By:   */s/ Matthew J. Walko*_____
Matthew J. Walko (BBO # 562172)
mjwalko@smithduggan.com
SMITH DUGGAN BUELL & RUFO LLP
101 Federal Street, Suite 1405
Boston, Massachusetts 02110
617-228-4400
*Attorneys for Plaintiff Compilation Ltd
d/b/a Punky Pins*

*/s/ Andrew Gerber*_____
Andrew Gerber (*pro hac to be submitted*)
andrew@kgfirm.com
Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Compilation Ltd
d/b/a Punky Pins*

# Exhibit A





GO-2634  LIP WITH CIG ORN  4" X
2.5" X 3.25"   $6.95 EA / MIN 6

PO-0051  MAGICAL FANTASTICAL
UNICORN KITTEN  3.5"W X 3.75"H
$7.50 EA / MIN 6

PO-2124  YOGA NUTCRACKER ORN
4.75" X 1.5"   $7.50 EA / MIN 6

GO-3123  FESTIVE SWEATER
PENGUIN  4.25" X 2.5" X 1.25"
$6.95 EA / MIN 6

PO-2028  HIPSTER SANTA ORN
6" X 1.75"   $7.50 EA / MIN 6

GO-1243  HOLIDAY YETI ORN
5.75"H X 2.5"W X 2.75"D
$8.95 EA / MIN 6

RO-2084-G  NAUGHTY GNOME ORN GOLD
5.5" X 2.25"   $6.95 EA / MIN 6

PO-2143  NO FUCKS ORN
3.5" X 2.75"   $6.50 EA / MIN 6

GO-3113  CHRISTMAS SWEATER
4.5" X 4" X 1.5"   $7.95 EA / MIN 6

MO-1151  JEWELED LOL ORN
8.25" X 2.25"   $8.95 EA / MIN 6

PO-2129  SUCK IT ORN
6.25" X 4.75"   $6.95 EA / MIN 6

GO-2742  CHILL PILLS - 4 ASST
1.75" X 5"   $2.25 EA / MIN 12

MS-414-G  GIMME SOME SUGAR
MISTL ORN - GREEN  6.25"W X 5"L
$5.95 EA / MIN 6

PO-0075  MERRIMENT BEAR ORN
4.5" X 5"   $8.95 EA / MIN 6

MO-1152  JEWELED OMG ORN
8.5" X 2.25"   $8.95 EA / MIN 6

GO-1012  FESTIVE CHRISTMAS TREE ORN
4.5"H X 3.5"D   $7.95 EA / MIN 6

GO-1115  GLASS CIGARETTES ORN
2.5"W X 4.75"H   $8.95 EA / MIN 6
93

GO-2512  NAUGHTY ORN
3" X 4.5"   $6.95 EA / MIN 6

A.  MO-1091  CANNABIS ORN
4.5" X 4"   $6.50 EA / MIN 6
B.  RO-2042-GR  DOPE ORN - GREEN
4.75"W X 5"H   $5.95 EA / MIN 6











